UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Laurie Timm, | Case No. 3:13-cv-01597-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff Laurie Timm seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be AFFIRMED.

OPINION AND ORDER - 1

## STANDARDS

A claimant is considered "disabled" under the Social Security Act if: (1) he or she is unable to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment is "of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Hill v. Astrue,* 688 F.3d 1144, 1149-50 (9th Cir. 2012) (citing 42 U.S.C. § 1382c(a)(3); *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)); 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the Commissioner must determine whether the claimant (1) has not engaged in SGA since his or her alleged disability onset date; (2) suffers from severe physical or mental impairments; (3) has severe impairments that meet or medically equal any of the listed impairments that automatically qualify as disabilities under the Social Security Act; and (4) has a residual functional capacity (RFC) that prevents the claimant from performing his or her past relevant work. *Id.* An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p. The claimant bears the burden of proof in the first four steps to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her

OPINION AND ORDER - 2

RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born in 1964 and was forty-four years old at the time of her alleged disability onset date. She protectively filed her applications for Title XVI and Title II disability benefits on May 30, 2009 and June 15, 2009, respectively, alleging an onset date of December 7, 2008. Plaintiff's alleged disability was based on a number of physical and mental impairments,

OPINION AND ORDER - 3

including: affective disorder, diabetes, coronary artery disease, panic disorder with agoraphobia, PTSD, and obesity. Plaintiff met the insured status requirements of the Social Security Act through September 30, 2012. Plaintiff's applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on December 27, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel, and an impartial vocational expert (VE). The ALJ found that plaintiff suffered from the following severe impairments: "affective disorder, posttraumatic stress disorder, type 2 diabetes mellitus, and obesity." Tr. 23, Finding 3.[1] The ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25, Finding 4. The ALJ determined that plaintiff has the RFC to perform a range of light work but that she should avoid exposure to environmental irritants, such as smoke dust and fumes. Tr. 27, Finding 5. Additionally, the ALJ determined that plaintiff can only occasionally reach overhead with her dominant upper extremity, and that plaintiff can perform simple, repetitive tasks that involve only occasional interactions with coworkers and no interaction with the public. *Id.*

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was unable to perform any of her past relevant work. Tr. 30, Finding 6. The ALJ found, however, that plaintiff could perform other work existing in significant numbers in the national economy including work as a scanner/microfiche preparer, seedling sorter, or hand packager. Tr. 31-32, Finding 10. Therefore, on January 13, 2012, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council denied

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER - 4

plaintiff's request for administrative review, making the ALJ's decision the final decision of the Acting Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that the ALJ erred in his analysis of the medical opinion concerning plaintiff's panic disorder with agoraphobia and the need for supportive supervision. Second, plaintiff argues that the ALJ failed to properly consider lay witness testimony favorable to plaintiff. Third, plaintiff argues that because of these failures, the ALJ improperly formulated plaintiff's RFC. The court will discuss each of these arguments in turn.

### 1.   Medical Testimony

First, plaintiff asserts that while the ALJ gave great weight to some of the expert medical testimony, the ALJ ignored the diagnoses of other experts and failed to consider this evidence in discussing plaintiff's severe impairments or in formulating plaintiff's RFC. Specifically, plaintiff alleges that the ALJ failed to credit the opinion of Ronald Duvall, Ph.D., with regards to plaintiff's panic disorder with agoraphobia. Plaintiff further argues that the ALJ failed to consider the opinion of Dorthy Anderson, Ph.D., that plaintiff had problems with motivation and would need predictable feedback and supervisor support.

The ALJ is the "final arbiter" regarding the resolution of ambiguities in the medical evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, an ALJ may only reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the

OPINION AND ORDER - 5

doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted). If the ALJ fails to provide reasons for not crediting the medical evidence, the court must reverse and remand for proper consideration of the evidence or adequate justification for its exclusion. *Mattox v. Comm'r of Soc. Sec.*, 371 F. App'x 740, 742 (9th Cir. 2010).

The ALJ acknowledged that Dr. Duvall found plaintiff to be suffering from moderate panic disorder with agoraphobia among other impairments. Tr. 24-25, Finding 3. However, he did not include panic disorder with agoraphobia when discussing plaintiff's severe impairments in step two of the sequential analysis nor did he offer a reason for not crediting Dr. Duvall's diagnosis. The ALJ therefore erred in not providing a reason for why he did not include panic disorder with agoraphobia among the list of severe impairments. *Mattox*, 371 F. App'x at 742.

Defendants argue that even if the ALJ erred, such error was harmless. "[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). As long as there remains substantial evidence supporting the ALJ's conclusions, and the error does not negate the validity of the ALJ's ultimate conclusion, such errors are considered harmless and do not warrant a reversal. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The key issue is "whether the ALJ's underlying decision remains supported, in spite of any error, and not whether the ALJ would necessarily reach the same result on remand." *Id.* at 1163 n. 4.

Here, although the ALJ did not find that plaintiff was severely impaired by panic disorder with agoraphobia, he determined that plaintiff was severely impaired by PTSD, which like agoraphobia, is classified as an anxiety disorder. Tr. 25, Finding 3. The ALJ evaluated plaintiff under Listing 12.06 which includes all anxiety-related disorders. Tr. 25-26, Finding 4. In evaluating plaintiff, the ALJ found that the severity of plaintiff's impairments "do not meet or

OPINION AND ORDER - 6

medically equal the criteria" laid out in Listing 12.06. *Id.* This court has in the past affirmed the decision of the ALJ in which the ALJ has accounted for a claimant's panic disorder with agoraphobia by limiting claimant's contact with coworkers and the public. *See, e.g., Pedder v. Astrue*, No. 3:11-CV-00629 RE, 2012 WL 4370229, at *1 (D. Or. Sept. 21, 2012); *Cooper v. Astrue*, No. 10-820-CL, 2011 WL 5276554 (D. Or. Sept. 20, 2011), *adopted by*, No. 10-820-CL, 2011 WL 5282614 (D. Or. Nov. 2, 2011). Here, the ALJ included in plaintiff's RFC that her work be limited to only occasional interactions with coworkers and no interaction with the public. Thus, although the ALJ erred in crediting Dr. Duvall without providing a reason for why he did not include panic disorder with agoraphobia, this error was inconsequential to the ALJ's ultimate finding of nondisability or in the ALJ's formulation of the RFC, the error was harmless. *Molina*, 674 F.3d at 1115.

Plaintiff also claims that the ALJ omitted from the RFC the recommendations of Dr. Anderson that plaintiff required a supportive supervisor. The ALJ purported to give Dr. Anderson's opinion great weight. Tr. 29, Finding 5. Although Dr. Anderson said that plaintiff did have problems with motivation and that it could be managed by supportive supervision, Dr. Anderson also found that plaintiff could sustain an ordinary routine without special supervision and that she possessed a not significantly limited ability to make simple work-related decisions. Tr. 486, 488. The ALJ noted that Dr. Anderson observed that despite plaintiff's limitations, the medical evidence did not support "ongoing severe problems resulting in restrictions in her ability to keep appointments or manage behavior and interactions with doctors." Tr. 29, Finding 5. The ALJ is the final arbiter in resolving ambiguities in the medical evidence, *Tommasetti*, 533 F.3d at 1041, and resolved the ambiguities with regard to Dr. Anderson's testimony in favor of not requiring that plaintiff have a supportive supervisor. Rather, the ALJ limited plaintiff to simple,

OPINION AND ORDER - 7

repetitive tasks and limited her interactions with coworkers and the public. Tr. 27, Finding 5. The court finds that the ALJ did not err in considering Dr. Anderson's recommendations or in formulating plaintiff's RFC.

### 2. Lay Testimony

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account, unless [the ALJ] expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512. However, the germane reasons given by the ALJ must also be specific. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009). A legitimate reason to discount lay testimony is that it conflicts with medical evidence. *Lewis*, 236 F.3d at 511. But the ALJ cannot discredit lay testimony because it is not supported by, or corroborated by, medical evidence in the record. *Bruce*, 557 F.3d at 1116.

Rather than rejecting lay witness testimony, plaintiff argues that the ALJ mischaracterized the statement's made by Nichole Long, plaintiff's daughter. In fact, both parties predictably rely on the portions of Long's testimony that are most favorable to their position. Nonetheless, the ALJ specifically discounted some of Long's statements, and justified his decision by stating that the "objective medical evidence does not support the level of limitation described in [Long's] statements." Tr. 30, Finding 5. In *Lewis*, the ALJ rejected testimony by the claimant's family members as contrary to "documented medical history and findings and prior record statements" without further explanation. 236 F.3d at 511. The Ninth Circuit held that this was not error, because the ALJ had explained the contradictory medical evidence and statements elsewhere in the decision. *Id.* at 512. Here, the ALJ notes throughout his decision the evidence he has

OPINION AND ORDER - 8

credited for finding that plaintiff is not disabled. Therefore, the court finds that ALJ gave specific and germane reasons for discounting the lay witness's testimony in this case.

### 3. Formulation of the Residual Functional Capacity

The court will affirm the ALJ's determination of plaintiff's RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence. *Bayliss*, 427 F.3d at 1217. The ALJ must reach the RFC assessment based on all the relevant evidence in the case record, including medical reports and the effects of symptoms that are reasonably attributable to a medically determinable impairment. *Robbins v. Soc. Sec. Admin.*, 466 F3d 880, 883 (9th Cir. 2006). The ALJ, however, need not incorporate limitations identified through claimant testimony or medical opinions that the ALJ permissibly discounted. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff argues that because the ALJ erred in his analysis of the medical opinions and failed to properly consider lay witness testimony favorable to plaintiff, as a result the ALJ improperly formulated plaintiff's RFC. The court finds that although the ALJ erred in its treatment of the medical evidence with regard to her panic disorder with agoraphobia, such errors were harmless. Further, in formulating the RFC, the ALJ also took into account the assessment of Dr. Anderson, who reported that due to her anxiety, plaintiff would not work well in close cooperation with coworkers or the public. Tr. 29, Finding 5. As discussed above, the RFC limits plaintiff's contact with the general public as well as with her coworkers, which adequately takes into account her anxiety disorder. The court further finds that the ALJ properly discounted some of the lay witness testimony, and thus this testimony was correctly not incorporated into the RFC. Thus the court finds that the ALJ used the proper legal standard in formulating plaintiff's RFC, and that its factual findings are supported by substantial evidence. *Bayliss*, 427 F.3d at 1217.

OPINION AND ORDER - 9

## CONCLUSION

Based on the foregoing, this court concludes that the findings of the Acting Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Acting Commissioner's decision denying Laurie Timm's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 23 day of September, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER - 10